IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

JOHN MARBERRY                                                        PLAINTIFF

v.                                        Civil No. 12-3142

MICHAEL J.  ASTRUE, Commissioner
Social Security Administration                                       DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, John Mayberry, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claims for supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

I.     **Procedural Background:**

Plaintiff filed her application for SSI on December 17, 2008, alleging an onset date of July 25, 2008, due to chronic lower back pain affecting his left leg, right knee and ankle pain, and depression.  Tr. 10.  The Commissioner denied Plaintiff's application initially and on reconsideration.  Tr. 32, 36.  An administrative hearing was held on December 17, 2010.  Tr. 233-285  Plaintiff was present and represented by counsel.

At the time of the hearing, Plaintiff was 38 years old and possessed the equivalent of a high school education.  Tr. 140, 173, 238.  Plaintiff had past relevant work ("PRW") experience as a fast food worker, home health aide, production assembler, and casting inspector.  Tr. 21-27, 146, 168-175, 240-246.

On August 16, 2011, the ALJ found Plaintiff's degenerative disk disease/osteoarthritis of the lumbar spine, major depressive disorder, generalized anxiety disorder, pain disorder, intermittent explosive disorder, and personality disorder not otherwise specified were severe, but did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.  Tr. 12-14.  After partially discrediting plaintiff's subjective complaints, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work involving occasional climbing ramps and stairs, bending, stooping, kneeling, crouching, and crawling and no climbing ladders, ropes, or scaffolds.  Due to mental impairments, the ALJ also found Plaintiff could perform work where the interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote with few variables and little judgment required; and the supervision required is simple, direct, and concrete.  Tr. 14.  The ALJ then found Plaintiff could perform work as a clerical worker, assembler, and machine tenderer.  Tr. 20.

Plaintiff appealed this decision to the Appeals Council, but said request for review was denied on September 14, 2012  Tr. 1-6.  Subsequently, Plaintiff filed this action.  ECF No. 1.  This case is before the undersigned by consent of the parties.  Both parties have filed appeal briefs, and the case is now ready for decision.  ECF Nos. 10, 11.

The court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' appeal briefs and the ALJ's decision and are repeated here only to the extent necessary.

II.     **Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

3

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.    Discussion:

The court has review the briefs filed by the parties, the transcript of the proceedings before the Commission, including a review of the hearing before the ALJ, the medical records, and relevant administrative records and finds the ALJ's decision is supported by substantial evidence.

This court concludes that, because the ALJ gave several valid reasons for his determination that Plaintiff was not entirely credible, including the absence of medical evidence to support Plaintiff's contention of disability, the use of over-the-counter medications for the treatment of pain, Plaintiff's self reported daily activities, the fact that Plaintiff was enrolled in a vocational home study course, and Plaintiff's failure to exhaust all possible medical resources available to him, the ALJ's credibility determination is entitled to deference. *See Renstrom v. Astrue*, 680 F.3d 1057, 1067 (8th Cir. 2012).

AO72A
(Rev. 8/82)

We also find that the ALJ's RFC determination is consistent with the medical evidence. *See Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010) (ALJ is responsible for determining RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's own description of his limitations; RFC must be supported by some medical evidence). The ALJ correctly dismissed Dr. Vann Smith's evaluation as having no support in the record; properly considered Plaintiff's pain, his global assessment of functioning score, his lack of consistent mental health treatment, and his attempt to exaggerate his symptoms during his most recent psychological examination; and, properly determined that Plaintiff could perform a limited range of sedentary work involving limited interpersonal contact. *See Hudson ex rel. Jones v. Barnhart*, 345 F.3d 661, 666–67 (8th Cir. 2003) (concluding the ALJ's decision that the GAF ratings did not appear to reflect the claimant's abilities was supported by the record); *see also Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999) (failure of claimant to maintain a consistent treatment pattern for alleged mental impairments is inconsistent with the disabling nature of such impairments).

The evidence reveals that Plaintiff injured his back in 2004. Tr. 159. A lumbar myelogram and CT scan conducted in July 2006 revealed mild lumbar spondylosis and mild disk bulging at the L2-3 and L5-S1 levels. Tr. 157-158. Physical therapy was beneficial, improving his pain by approximately 50%. Tr. 165-166. *See Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (holding if an impairment can be controlled by treatment or medication, it cannot be considered disabling). By November 2007, Plaintiff had reached maximum medical improvement and was given a total body impairment rating of only 6%. Tr. 163. Nerve conduction studies in February 2011 revealed no clear cut evidence of myopathy or

radiculopathy. Tr. 229. And, physical exams revealed moderate functional limitations. Tr. In March 2011, Dr. Ted Honghiran concluded that Plaintiff likely suffered from a herniated disk in the lumbar spine, but said herniation had resolved leaving him with some residual pain, a restricted range of motion in his lumbar spine, absent ankle reflexes on the left, and decreased sensation in the left foot. He recommended that Plaintiff continue with vocational training and try to find a job he could perform.

Dr. Stephen Harris evaluated Plaintiff in 2008 and 2009. Tr. 136-1a42, 172-176. On both occasions, he concluded Plaintiff primarily suffered from physical difficulties and limitations resulting from his pain perception. He diagnosed Plaintiff with pain disorder with associated psychological factors and estimated his Global Assessment of Functioning ("GAF") at 65 signifying only mild limitations. Dr. Harris noted Plaintiff would have difficulty relating to others, mild difficulties with persistence in completing tasks, and some difficulties with concentration related to his perception of pain. Tr.172-176 .

On the two occasions Plaintiff actually sought out mental health treatment, the record indicates that his depression and anxiety were responsive to Cymbalta and Propanolol.[1] Tr. 200-201, 202-206  Id.

Dr. Stephen Nichols evaluated Plaintiff in March 2011, but concluded that Plaintiff did not put forth good effort on the tests administered. Tr. 218-221. His scores were far below what was expected of even a person with a severe brain injury. Dr. Nichols stated that similar profiles

---

[1]Plaintiff underwent an initial psychological evaluation in October 2009, at which time he was assessed with generalized anxiety disorder, major depressive disorder, and mood disorder and prescribed Propanolol and Cymbalta. Tr. 202-206. His GAF was estimated to be 52. However, when he returned for follow-up in November, Plaintiff repoted improvement in his depression and was noted to be much calmer. Tr. 200-201. At this time, his GAF had improved to 65.

AO72A
(Rev. 8/82)

were commonly obtained from individuals who were attempting to simulate, exaggerate, or malinger cognitive deficits. He diagnosed Plaintiff with intermittent explosive disorder and personality disorder not otherwise specified with antisocial features and estimated his GAF score at 50. Dr. Nichols indicated that Plaintiff was able to perform all activities of daily living without assistance and had the ability to communicate and interact in a socially acceptable manner, however, his ability to function in social situations or get along with co-workers and supervisors was limited by his temper problems. And, he determined Plaintiff's ability to concentrate on and sustain persistence in completing tasks would be good for tasks that did not require close interaction with others.

 Further, we conclude that the ALJ's first hypothetical to the vocational expert accounted for all of Plaintiff's proven impairments, providing substantial evidence to support the ALJ's conclusion that work exists in significant in the national economy that Plaintiff remains able to perform. *See Buckner v. Astrue*, 646 F.3d 549, 560-561 (8th Cir. 2011) (VE's testimony constitutes substantial evidence when it is based on hypothetical that accounts for all of claimant's proven impairments; hypothetical must include impairments that ALJ finds substantially supported by record as a whole).

**V.    Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the plaintiff benefits, and thus recommends that the decision be affirmed, and plaintiff's Complaint be dismissed with prejudice. **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may**

AO72A
(Rev. 8/82)

**result in waiver of the right to appeal questions of fact.  The parties are reminded that**

**objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of November 2013.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)